1828.

REED *v.* THE BANK OF NEWBURGH.

Reed
v.
The Bank of
Newburgh.

A defendant, in a suit at law, who has a separate demand against the plaintiff which is not a subject of offset there, cannot have relief in Chancery unless the plaintiff is insolvent.

But if his demand arises out of the same transaction as that of the plaintiff, so that in equity the plaintiff would have no right to recover against him, and the defendant cannot avail himself of his defence at law, he will be relieved in Chancery.

Although a person has a perfect remedy at law to recover for the breach of an agreement connected with a note, if he cannot avail himself of it as a defence to an action on the note, he can come into Chancery to have the note cancelled, and to recover the balance, if any, which may be due him.

\*In March, 1826, the defendants agreed to loan the com-    [\*216]
plainant $20,000 on his note, at 6 per cent., payable on October 7th.
demand, and for which he was to transfer stock of the
Tradesmen's Bank, as collateral security, to the value of 10
per cent. above the loan, to be determined by the value of
such stock in the market, and upon which stock it was
agreed the complainant should have a proxy to vote for
directors of the Tradesmen's Bank, and that no greater sum
than $5,000 of the note should be demanded or drawn for
at sight in one day. In pursuance of this agreement, the
loan was made, and the complainant transferred 450 shares
of stock as collateral security to John S. Hunn, as cashier
of the Bank of Newburg, and received from him a proxy
to vote on those shares. An election of directors of the
Tradesmen's Bank took place on the 3d of July, 1826, when
the cashier Hunn, acting under the direction of the defend-
ants, revoked the proxy, and himself voted for directors,
against the will of the complainant, and for the purpose of
giving to the defendants a controlling influence in the
Tradesmen's Bank, against the interest of the complainant.
and notwithstanding his remonstrances to the contrary.
The defendants having violated their agreement by revoking
the proxy, the complainant tendered to the cashier the

1828.

Reed
v.
The Bank of
Newburgh.

amount of his note and interest, and demanded a re-transfer of his stock, which was refused. At the time of the said tender, and demand of the transfer, the stock was worth, and was actually selling in the market, from 15 to 22 per cent. above par, and the complainant at that time purchased a large amount, and was compelled to pay at that rate for the same; but the stock has now depreciated, and is from 20 to 30 per cent. below par; and since the depreciation of the stock, the defendants have demanded payment of a part of the loan, or additional security, and threaten to dispose of the stock at its present value, and after crediting the proceeds thereof on the note, to prosecute the complainant for the balance. The complainant in his bill prayed that the defendants might be compelled to account for the stock at its value on the 3d of July, 1826, after deducting the loan and interest thereof up to that time; and that the note might be delivered up and cancelled; and for general relief.

[*217]

*The defendants demurred, both as to the discovery and relief sought by the bill, on the ground of the want of equity.

*H. Bleecker*, in support of the demurrer, contended that this was not a case of fraud, but merely a violation of contract; that the complainant had a perfect remedy at law; that every matter of account was not entertained in Chancery; that to sustain a bill for an account, there must be mutual demands, not a mere set-off or a single transaction. He cited Cooper's Pl. 125, 139; 1 Maddock, 70, 205; *Post* v. *Kimberly*, (9 John. R. 501;) *Dinwiddie* v. *Bailey*, (6 Ves. 136;) *Porter* v. *Spencer*, (2 John. Ch. R. 171.)

*S. P. Staples*, contra:—The complainant has not an adequate remedy at law. Where there are difficulties at law, Chancery will entertain jurisdiction. So, where at law a multiplicity of suits must be brought, relief will be given in equity. In the present case, there would be a difficulty in litigating the note at law. The complainant would be

compelled to pay the note before he could sue upon the agreement to transfer the stock. He could not offset his damages against the note. His remedy therefore being at law uncertain and difficult, the court will not refuse to entertain jurisdiction. The defendants are trustees with an interest, which trust they have violated. They took an unconscientious advantage of the complainant, in which cases Chancery always relieves. A court of equity frequently entertains jurisdiction in cases where the party has a remedy at law. It does so from its power to give mutual advantages. It has power in this case to order the note to be cancelled, whether a defence may or may not be made to it at law. The counsel cited, in support of his positions. *Colt* v. *Netterville*, (2 Pr. Wms. 303, 4;) *Cud* v. *Rutter*, (1 Pr. Wms. 570;) *Lady Ormond* v. *Hutchinson*, (13 Ves. 51;) *Lyon* v. *Tallmadge*, (14 John. R. 513;) *Campbell* v. *French*, (2 Cox's R. 366;) *Clifford* v. *Brooke*, (13 Ves. 133;) *Evans* v. *Bicknell*, (6 Ves. 172;) *Davis* v. *Todd*, (4 Price, 176; *Hamilton* v. *Cummings*, (1 John. Ch. R. 517, 523;) *Bromley* v. *Holland*, (7 Ves. 3.)

*THE CHANCELLOR:—It is doubtful whether the matters stated in the complainant's bill would afford him any valid defence to an action on the note in a court of law. Although he may have a perfect remedy at law to recover for the breach of the agreement by the defendants, if he cannot avail himself of it as a matter of defence to an action on the note, he has a right to come here for the purpose of having the note cancelled, and to recover the balance which may be due to him. If a defendant in a court of law has a distinct and separate demand against the plaintiff, which is not a proper subject of off-set there, he cannot generally come into this court for relief, unless the plaintiff is insolvent. His proper course is to pay the plaintiff's demand, and then prosecute for his own; but if his claim arise out of the same transaction or contract as that of the plaintiff, so that in equity the plaintiff never had any right to recover against him, if the defendant cannot avail himself of his

1828.

Reed
v.
The Bank of
Newburgh.

[*218]

1828.  claim as a defence at law, he may come into the court for
Fulton Bank  relief.    He is not obliged to pay an unjust demand, although
v.  he may recover back a greater amount in damages in a suit
Sharon  Canal.  instituted by himself.
Company.

If the allegations in the complainant's bill are true, he
has a right to insist that the defendants keep the stock, at
its market value at the time they violated the agreement
and refused to re-assign to him; and that they pay the
balance, after deducting the amount of the loan and interest
up to that time.

Demurrer overruled, with costs.